**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

```
COLONY INSURANCE COMPANY,        )
                                 )
     Plaintiff,                  )
                                 )
     v.                          )     1:10CV581
                                 )
CHARLES A. PETERSON,             )
EVERGREEN COMPOSITE TECHNOLOGY,  )
LLC, and RANDOLPH BANK AND       )
TRUST COMPANY,                   )
                                 )
     Defendants and              )
     Third-Party Plaintiffs,     )
                                 )
     v.                          )
                                 )
EDWARD L. CLAYTON, JR., and      )
HPB INSURANCE GROUP, INC.,       )
                                 )
     Third-Party Defendants.     )
```

## MEMORANDUM OPINION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court for disposition of the Third-Party Defendants' Motion for Order Allowing Filing and Maintenance of Documents under Seal (Docket Entry 84), the Parties' Consent Motion to Seal Documents and for Maintenance of Documents under Seal (Docket Entry 102), and Randolph Bank's Consent Motion to Seal (Docket Entry 105). For the reasons that follow, the instant Motions will be denied, but without prejudice to the Parties re-filing of renewed motions addressing the issues outlined herein. Furthermore, the Clerk will be directed to maintain

certain inadvertently publicly-filed documents under seal temporarily to allow the Parties time to address those issues.

Background

The Parties combined Motions seek to file a total of seven documents under seal. Third-Party Defendants' Motion for Order Allowing Filing and Maintenance of Documents under Seal (Docket Entry 84) ("Third-Party Defendants' Motion") seeks to keep the following document private: Exhibit D to the Affidavit of Michael W. Gay, which affidavit is attached to Third-Party Defendants' Brief in Support of Their Motion for Summary Judgment (Docket Entry 83).

The Consent Motion to Seal Documents and for Maintenance of Documents under Seal (Docket Entry 102) (the "Consent Motion") requests sealing of the following five documents, all of which Plaintiff filed in support of its Motion for Summary Judgment: (1) Exhibit 19 to the Deposition of David Andrew Gleason (Docket Entry 89-11 at 2-43), which consists of Master Agency Agreement between Colony Management Services, Inc. and Burns & Wilcox, Ltd.; (2) Exhibit 23 to the Deposition of Charles A. Peterson (Docket Entry 90-4 at 12-15), which consists of a Memo of Understanding between Biosustainable Design and Development, Inc. and Evergreen Composite Technologies, LLC; (3) Exhibit 25 to the Deposition of Charles A. Peterson (id. at 24-25), which consists of a Personal Financial Statement of Charles A. Peterson; (4) Exhibit 43 to the Deposition

of Charles A. Peterson (Docket Entry 90-5 at 48-49), which consists of a Guaranty executed by Charles A. Peterson; and (5) Exhibit 44 to the Deposition of Charles A. Peterson (id. at 50-51), which also consists of a Guaranty executed by Charles A. Peterson.

Finally, Randolph Bank's Consent Motion to Seal (Docket Entry 105) ("Randolph Bank's Motion") seeks to maintain under seal a document entitled Vacancy Underwriting Guidelines, which was attached as Exhibit 27 to Exhibit 21 to Defendant Randolph Bank's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment (Docket Entry 104).

The Parties offer similar arguments in support of their respective Motions. The Third-Party Defendants' Motion and Randolph Bank's Motion assert that the information and documents at issue therein are "governed by the Confidentiality Protective Order found at [Docket Entry 35]." (Docket Entry 84, ¶ 2; Docket Entry 105, ¶ 2.) Said Motions further state: "The protective order allows confidential materials to be filed with the Court under seal." (Docket Entry 84, ¶ 3; Docket Entry 105, ¶ 3.) The Consent Motion notes that the documents sought to be kept private "were produced during the course of discovery pursuant to a Confidentiality Protective Order. [(Docket Entry 35.)] Some of the documents contain personal information pertaining to Defendant Peterson, and were marked confidential before being submitted to Randolph Bank and Trust Company." (Docket Entry 102 at 2.)

Discussion

The Court notes initially that, contrary to the assertion contained in Third-Party Defendants' Motion and Randolph Bank's Motion, the Consent Protective Order in effect in this case does not allow for the filing under seal of confidential materials simply by virtue of those documents being marked as confidential during the course of discovery. (See Docket Entry 35.) The Consent Protective Order's sole discussion of materials filed with the Court notes:

> If Confidential Information designated as "CONFIDENTIAL" is sought to be used or introduced at a hearing or trial of this action, counsel for the party seeking to use or introduce such Confidential Information shall so advise the Court and request that the Court take such steps as it deems appropriate to protect the confidentiality of the information.

(Id. at 4.)

A provision in a protective order prospectively allowing for the filing of documents under seal whenever the parties have designated them as confidential likely would not sustain all sealing done pursuant thereto because the standard for maintaining information exchanged during the course of discovery as confidential and the standard for maintaining information filed with the Court under seal do not necessarily align - especially when the documents a party seeks to seal are filed in connection with a dispositive motion, as in this case. Indeed, courts in the Fourth Circuit have made it clear that the mere fact that a

document was subject to a blanket protective order does not relieve the parties or a court of the obligation to comply with the Fourth Circuit's otherwise applicable sealing regimen. See, e.g., Walhonde Tools, Inc. v. Allegheny Energy, Inc., Civil Action No. 2:06-0537, 2008 WL 4509365, at *1-2 (S.D.W. Va. Sept. 30, 2008) (applying test outlined in Virginia Dep't of State Police v. The Washington Post, 386 F.3d 567, 575 (4th Cir. 2004), Stone v. University of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988), and Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249 (4th Cir. 1988), in denying plaintiffs' unopposed motion "requesting leave to file under seal six exhibits attached to their motion for summary judgment . . . [where] plaintiffs assert[ed] that the documents at issue have been designated as confidential pursuant to protective orders"); Hall v. United Air Lines, Inc., 296 F. Supp. 2d 652, 679-80 (E.D.N.C. 2003) (ordering unsealing of documents filed under seal pursuant to protective order unless parties filed "a brief complying with the Fourth Circuit's mandate, demonstrating the necessity and propriety of sealing information" and observing that, in entering protective order prospectively authorizing sealed filings, "magistrate judge did not review the motion in accordance with the mandatory procedure outlined by the Fourth Circuit in Stone" (internal brackets, ellipses, and

quotation marks omitted)).[1]  Accordingly, regardless of the existence of the Consent Protective Order and the marking of certain documents as "confidential" during the course of discovery, the Court "must comply with certain substantive and procedural requirements.  As to the substance, the [] [C]ourt first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake."  Virginia Dep't of State Police, 386 F.3d at 576 (internal citations and quotation marks omitted); see also United States v. Moussaoui, 65 Fed. Appx. 881, 889 (4th Cir. 2003) ("We therefore must examine [materials submitted under seal] document by document to determine, for each document, the source of the right of access (if any such right exists).  As to those documents subject to a right of access, we must then conduct the appropriate balancing to determine whether the remainder of the document should remain sealed, in whole or in part.  The burden of establishing that a particular document should be sealed rests on the party promoting the denial of access." (internal citation omitted)).

---

[1] The undersigned has also previously provided an extended discussion of this topic in Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys., Inc., No. 1:05CV955, 2011 WL 2413404, at *2-5 (M.D.N.C. June 10, 2011) (discussing interplay between the rules of discovery, the requirements for filing documents under seal, and a blanket protective order).

> Procedurally:
>
> [The district court] must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing. Adherence to this procedure serves to ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review.

Virginia Dep't of State Police, 386 F.3d at 576 (internal citation omitted) (emphasis added).[2]

In the instant matter, because the documents at issue were filed in connection with dispositive motions, the more rigorous First Amendment standard applies. See Rushford, 846 F.2d at 253 ("Once the documents are made part of a dispositive motion, such as a summary judgment motion, they lose their status of being raw fruits of discovery. . . . We believe that the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case." (internal quotation marks and citations omitted)).

Given this determination, the Court must next balance that First Amendment right of access against the competing interests identified by the Parties. None of the motions to seal filed with the Court is accompanied by a brief setting forth a basis to

---

[2] The docketing of a motion to seal can satisfy the "public notice" element of the "procedural" portion of the Fourth Circuit's sealing standard. See Stone, 855 F.2d at 181.

overcome the First Amendment right of access.  Nor do the Motions themselves suffice.  The Third-Party Defendants' Motion and Randolph Bank's Motion offer no basis outside of the above-referenced and insufficient statement that, "[t]he protective order allows confidential materials to be filed with the Court under seal."  (See Docket Entry 84, ¶ 3; Docket Entry 105, ¶ 3.)  The Consent Motion merely vaguely asserts that "[s]ome of the documents contain personal information pertaining to Defendant Peterson." (Docket Entry 102, ¶ 3.)

The Court declines to seal the documents at issue without further attention from the parties.  At least some of the documents contain personal data provided in a "fill-in-the-blank" format. For those documents, less drastic measures, such as redaction, may address the concerns of the parties.  Furthermore, with respect to the remaining documents, the Court lacks any basis to conclude either that the information contained therein is of such a sensitive nature so as to warrant sealing in light of the First Amendment right of access or that redaction would be futile. Accordingly, the Court will deny the instant Motions, but without prejudice to the Parties re-filing appropriate motions to seal, accompanied with briefs that address the Fourth Circuit's sealing standards, as outlined herein.

**IT IS THEREFORE ORDERED** that the Clerk should temporarily maintain the following documents under seal: Exhibit 19 to the

Deposition of David Andrew Gleason (Docket Entry 89-11 at 2-43); (2) Exhibit 23 to the Deposition of Charles A. Peterson (Docket Entry 90-4 at 12-15); (3) Exhibit 25 to the Deposition of Charles A. Peterson (id. at 24-25); (4) Exhibit 43 to the Deposition of Charles A. Peterson (Docket Entry 90-5 at 48-49); and (5) Exhibit 44 to the Deposition of Charles A. Person (id. at 50-51).

**IT IS FURTHER ORDERED** that the Third-Party Defendants' Motion for Order Allowing Filing and Maintenance of Documents under Seal (Docket Entry 84), the Consent Motion to Seal Documents and for Maintenance of Documents under Seal (Docket Entry 102), and Randolph Bank's Consent Motion to Seal (Docket Entry 105) are **DENIED**, but without prejudice to the Parties re-filing of subsequent motions to seal that address the deficiencies outlined herein, on or before April 30, 2012. Any of the documents at issue in this Opinion and not addressed in renewed motions filed by that date shall be unsealed by the Clerk of Court.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: March 28, 2012