IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| COLONY INSURANCE COMPANY, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| CHARLES A. PETERSON; EVERGREEN COMPOSITE TECHNOLOGY, LLC; and RANDOLPH BANK AND TRUST COMPANY, | ) ) ) ) | |
| Defendants and Third-party Plaintiffs, | ) ) ) | 10cv581 |
| v. | ) ) | |
| EDWARDS L. CLAYTON, JR. and HPB INSURANCE GROUP, INC. | ) ) ) | |
| Third-party Defendants. | | |

**ORDER**

On May 22, 2012, the United States Magistrate Judge's Recommendation was filed [Doc. # 138] as to various motions submitted by Colony Insurance Company, Charles A. Peterson, Evergreen Composite Technology, LLC, Randolph Bank and Trust Company, Edward L. Clayton, and HPB Insurance Group. All parties timely filed objections to the Recommendation [Doc. # 147, # 148, # 150, # 151]. The Court has conducted a *de novo* review of those issues to which an objection was made. With one exception, the Magistrate Judge's well crafted recommendation is adopted for the reasons artfully set out in that opinion.

The one exception relates to Randolph Bank's status as a mortgagee under Evergreen's insurance policy with Colony. The Magistrate Judge rightly concluded that if Randolph Bank is an innocent mortgagee, its rights under the policy's mortgageholders provision would survive the policy's rescission. [Doc. #138 at 48-50]. This conclusion is well supported by both the logic of North Carolina cases and clear holdings from other jurisdictions that take a similar approach to standard mortgageholders clauses. See, e.g. Nationwide Mut. Ins. Co. v. Hunt, 488 S.E.2d

-1-

339, 340-341 (S.C. 1997) (rejecting insurance company's argument that because a policy "was obtained through fraud, intentional concealment, and misrepresentation" by the insured, "the policy was void *ab initio,* and there was no coverage for Mortgagee" under a standard mortgageholders clause); Norwest Morg. Inc. v. National Mutual Fire Ins Co., 718 So.2d 15 (Ala. 1998) (same).

However, at this stage it is unclear whether Randolph Bank is actually an innocent mortgagee. Randolph Bank admits that it initiated the process leading to Colony's issuance of the force-placed insurance policy on Evergreen's property. [Doc. # 10 at ¶ 23]. Further, as the Magistrate Judge explained, a jury could find that the insurance application and supplement ultimately sent to Colony contained material misrepresentations that would permit Colony to rescind the policy as to Evergreen under N.C. Gen. Stat. § 58-3-10. [Doc. # 138 at 32-38]. If a jury likewise finds that Randolph Bank functioned as the actual insurance applicant for that policy, or was otherwise responsible for the misrepresentations contained in the application and supplement, then Randolph Bank will no longer benefit from the protected status it would typically receive under a mortgageholders clause. Since there is a material question of fact as to whether Randolph Bank bears responsibility for any misrepresentations contained in the application and supplement, summary judgment is not granted on the issue of its ability to collect on the policy in the event of rescission.

As such, the Magistrate Judge's Recommendation is ADOPTED as to all motions except Randolph Bank's Motion for Partial Summary Judgment as Against Plaintiff. That motion [Doc. # 95] is DENIED.

This, the 24th day of September, 2012.

/s/  N. Carlton Tilley, Jr.
Senior United States District Judge